IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHERNIA MAYO        *
                    *
        v.          *       Civil Case No. JFM-17-492
                    *
COMMISSIONER, SOCIAL SECURITY  *
                    *
        *************

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-referenced case has been referred to me for review of the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). The Plaintiff, Shernia Mayo, who is appearing *pro se,* did not file a motion for summary judgment and did not respond to the Commissioner's Motion for Summary Judgment.[1] I have considered the Commissioner's pending Motion for Summary Judgment. [ECF No. 13]. This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons set forth below, I recommend that the Commissioner's motion be denied, the decision of the Commissioner be reversed in part, and the case be remanded pursuant to sentence four of 42 U.S.C. § 405(g).

Ms. Mayo filed her application for Disability Insurance Benefits on December 31, 2012, alleging a disability onset date of July 14, 2012. (Tr. 169-72). Her application was denied initially and on reconsideration. (Tr. 68-82, 85-101). A hearing, at which Ms. Mayo was

---

[1] On August 15, 2017, this Court sent Ms. Mayo a Rule 12/56 letter, informing her that she had seventeen (17) days to respond to the Commissioner's Motion for Summary Judgment and informing her of the potential consequences of a failure to respond. [ECF No. 14].

represented by counsel, was held on September 24, 2015. (Tr. 29-67). After the hearing, the Administrative Law Judge ("ALJ") issued an opinion denying benefits. (Tr. 8-28). The Appeals Council ("AC") denied review, making the ALJ's decision the final, reviewable decision of the Agency. (Tr. 1-5).

The ALJ found that, during the relevant time frame, Ms. Mayo suffered from the severe impairments of "fibromyalgia, major depressive disorder, attention deficit disorder (ADD), angina, mitral valve regurgitation, hypertension, chronic pain syndrome, edema, cardiomyopathy, obesity, cervicalgia, obstructive sleep apnea, and migraines." (Tr. 13). Despite these impairments, the ALJ determined that Ms. Mayo retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except no climbing of ladders or scaffolds. She can occasionally climb ramps and stairs, stoop, kneel, crouch, crawl, and balance. She must avoid exposure to hazards such as unprotected heights or moving mechanical parts. She can be exposed to only moderate noise. She must avoid exposure to flashing lights or lights brighter than those found in a normal office environment. She is limited to performing simple, routine, repetitive tasks, but not those done at a production rate pace as in an assembly line. She is limited to making simple work related decisions with only occasional changes in the routine work setting. She is limited to occasional interaction with supervisors and co-workers. Time off task during the workday would be accommodated by normal breaks. She is limited to occasional exposure to atmospheric conditions, extreme cold or heat, humidity, or weather.

(Tr. 17). After considering testimony from a vocational expert ("VE"), the ALJ determined that there were jobs existing in significant numbers in the national economy that Ms. Mayo could perform. (Tr. 22-23). Therefore, the ALJ concluded that Ms. Mayo was not disabled. (Tr. 23).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the

ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, while substantial evidence supports much of the ALJ's decision, the ALJ failed to consider the evidence that Ms. Mayo suffers from hidradenitis suppurativa, and to consider what, if any, impact that condition has on her ability to perform substantial gainful employment. Accordingly, I recommend remand.

At step one, the ALJ found in Ms. Mayo's favor that she had not engaged in substantial gainful activity since her alleged onset date. (Tr. 13). At step two, the ALJ found the severe impairments listed above, and found that other alleged impairments, specifically restless leg syndrome, asthma, and myopia, were nonsevere. (Tr. 14).

At step three, the ALJ specifically considered physical Listings 1.04, 1.02, 3.10, and 4.04 and mental Listing 12.04, and determined that none of the Listings had been met. (Tr. 14-17). The ALJ also noted that there is no specific listing for fibromyalgia, migraines, or obesity. *Id.*

In determining the RFC assessment, the ALJ summarized Ms. Mayo's allegations about her inability to work. (Tr. 17-18). The ALJ further analyzed the medical evidence from treatment records. (Tr. 18-20). The ALJ found that Ms. Mayo's assertions were not entirely credible, citing inconsistent medical records, activities of daily living, statements made by Ms. Mayo regarding her capabilities, and the fact that Ms. Mayo originally stopped working after being terminated for taking an unauthorized vacation. (Tr. 20). The ALJ next evaluated the medical opinions, and assigned "great weight" to the opinion of physical consultative examiner Dr. Young, "partial weight" to the opinion of mental consultative examiner Dr. Philips, "great weight" to the opinion of non-examining State agency physician Dr. Hakkarinen, "little weight" to the opinion of non-examining State agency physician Dr. Biddison, and "great weight" to the

opinions of the non-examining State psychological consultants. (Tr. 20-21). Ultimately, the ALJ reduced the RFC assessment from that contained in the opinions of the non-examining physicians, and limited Ms. Mayo to a restricted range of sedentary work. *Id.*

Continuing at step four, the ALJ found that Ms. Mayo was unable to perform her past relevant work as a medical technician or certified nursing assistant. (Tr. 22). At step five, the ALJ posed hypotheticals to the VE to determine whether a person with each set of hypothetical criteria would be able to perform work. (Tr. 62-65). Ultimately, the ALJ determined that Ms. Mayo's RFC matched one of the hypotheticals he had posed. (Tr. 17, 22-23). The VE cited several jobs in response to that hypothetical, and the ALJ relied on that VE testimony in his opinion. *See id.*; (Tr. 22-23).

The function of this Court is not to review Ms. Mayo's claims *de novo* or to reweigh the evidence of record. *See Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) (citing 42 U.S.C. § 405(g) and *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972)). Rather, this Court is to determine whether, upon review of the whole record, the Commissioner's decision is supported by substantial evidence and a proper application of the law. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also* 42 U.S.C. § 405(g). I am unable to recommend that finding here.

An ALJ is required to discuss each diagnosis that is supported by objective medical evidence in the claimant's record. *See Boston v. Barnhart*, 332 F. Supp. 2d 879, 885 (D. Md. 2004); *see also Albert v. Astrue*, Civil Action No. CBD-10-2071, 2011 WL 3417109, at *2 (D. Md. July 29, 2011). Here, Ms. Mayo has been diagnosed with hidradenitis suppurativa, and there is ongoing evidence of her presenting with "boils" from that condition and receiving appropriate treatment. *See, e.g.*, (Tr. 447) (noting boils under breast, on thigh, on buttocks); (Tr. 463) (noting boil under breast); (Tr. 489) (mentioning recurrent "boils" at least monthly unabated

by Bactrim); (Tr. 927) (stating diagnosis of hidradenitis suppurativa and noting prescription of doxycycline for "RECURRENT BOILS"). Ms. Mayo specifically testified at the hearing that she has had "a lot of surgeries" to cut open the boils, that she has them on her "whole genital area" and on her buttocks, breasts, and under her arms, and that she takes medication for the condition. (Tr. 59). Despite the testimony and the evidence from the medical records, the ALJ did not evaluate Ms. Mayo's hidradenitis suppurativa at step two, and did not determine whether the condition was severe or non-severe.

This Court has held that an ALJ's failure to consider the severity of a diagnosis at step two is harmless where the ALJ corrects his or her error by "fully consider[ing] the impact" of the neglected evidence when determining the claimant's RFC. *See Burroughs v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-14-1081, 2015 WL 540719, at *1 (D. Md. Feb. 9, 2015). Here, however, the ALJ did not consider the impact of Ms. Mayo's persistent boils in his RFC assessment or anywhere else in the opinion. The ALJ is required to consider all of a claimant's impairments, both severe and non-severe, in assessing the claimant's RFC. *See* 20 C.F.R. § 404.1545(a)(2). Given the location of Ms. Mayo's boils, it is unclear whether that condition would impact her ability to sustain work in a seated position throughout an eight-hour workday. Accordingly, in light of the ALJ's failure to address Ms. Mayo's hidradenitis suppurativa, I recommend remand. *See Copes v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-14-3010, 2015 WL 9412521, at *2 (D. Md. Dec. 21, 2015).

Although perhaps not an independent basis for remand, I further note that the ALJ's discussion of the fatigue associated with Ms. Mayo's fibromyalgia and sleep apnea was relatively limited. On remand, the ALJ should consider whether additional discussion of Ms. Mayo's allegations of disabling fatigue is warranted.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that the Court DENY Defendant's Motion for Summary Judgment, [ECF No. 13]; REVERSE IN PART the decision of the Commissioner; REMAND the case to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further proceedings in accordance with this Report and Recommendations; and order the Clerk to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: October 3, 2017

/s/
Stephanie A. Gallagher
United States Magistrate Judge